UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HARPER,<br><br>  Petitioner,<br><br>  v.<br><br>SUPREME COURT OF THE STATE OF CALIFORNIA, ET AL.,<br><br>  Respondents. | CASE NO. ED CV 17-2540-JFW (PJW)<br><br>ORDER DISMISSING HABEAS CORPUS PETITION WITH PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY |

In November 2001, a jury in Riverside County Superior Court found Petitioner guilty of first degree murder with special circumstances. (Petition at 2.) He was subsequently sentenced to life without the possibility of parole. (Petition at 2.) In February 2018, Petitioner filed the instant First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"), in which he appears to be challenging the state courts' failure to reduce his fines and restitution pursuant to newly-enacted state law.[1] (Petition at 5-6 and attached page.) For the following reasons, the Petition is dismissed with prejudice.

---

[1] In January 2018, the Court dismissed the initial petition without prejudice because it failed to state a federal claim and directed Petitioner to file an amended petition.

The Court has a duty to screen habeas corpus petitions before ordering service on a respondent. *See Mayle v. Felix,* 545 U.S. 644, 656 (2005). In doing so, if it plainly appears from the face of a petition that a petitioner is not entitled to relief, the Court can dismiss the petition at the outset. *See* Rule 4, Rules Governing § 2254 Cases; and *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Although Petitioner's argument is difficult to decipher, it appears that he is contending that, under recent changes to state law, codified in California Penal Code §§ 1205(a) and 2900.5(a), his restitution and fines should be reduced by $125 for every day he served in custody prior to his sentencing, instead of $30 per day under the old law. (Petition at 5-6 and attached page.) Petitioner also seems to be arguing that the state courts' summary denial of his claims violated state law. (Petition at 5-6 and attached page.)

Even assuming that Petitioner's interpretation of the new law is correct, his claims are based solely on state law and are not cognizable in this habeas proceeding. *See*, *e.g*, *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (reaffirming that "federal habeas corpus relief does not lie for errors of state law.") (quotations omitted). They are also not cognizable because they relate to restitution and fines, which the Court does not have jurisdiction to consider in habeas. *See Bailey v. Hill*, 599 F.3d 976, 982 (9th Cir. 2010) (holding federal court has no jurisdiction "over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence."). Moreover, because it is clear that no amount of tinkering with the Petition could change the fact that the Court is without jurisdiction to consider his claims, the Petition is dismissed with prejudice.

1     Finally, because Petitioner has not made a substantial showing of
2 the denial of a constitutional right or that the Court erred in its
3 procedural ruling, Petitioner is not entitled to a certificate of
4 appealability.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b);
5 *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*,
6 529 U.S. 473, 484 (2000).
7     IT IS SO ORDERED

    DATED:  March 5, 2018.


                                  _____
                                  JOHN F. WALTER
                                  UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\imartine\AppData\Local\Temp\notesC7A056\proposed.order.wpd

3